Cain v. Stedham et al                                                                                                         Doc. 3

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
MAY 2 5 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT LEWIS CAIN,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:06cv00303 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **W. STEDHAM, et al.,** | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Robert Lewis Cain, a Virginia prisoner proceeding pro se, brings this action for damages pursuant to 42 U.S.C. § 1983 against Nurse W. Stedham and Correctional Officer Sykes. Cain claims that the defendants have violated his federal constitutional rights by failing to promptly provide him with pain medication for his alleged "heart pains" on May 5, 2006 and refusing to order an EKG. Cain has previously filed three civil complaints that the federal courts have dismissed for failure to state a claim on which relief may be granted, accordingly, Cain may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] Cain has not shown that he is in danger of serious harm, accordingly, the court dismisses his suit.

I.

Cain claims that on May 5, 2006, he began experiencing pain in his chest and left arm. Cain concedes that he was examined at his cell by Nurse Stedham and she determined that he did not need an EKG. However, Cain "informed" Stedham that institutional protocol mandated that any time an inmate complains of chest pain, an EKG test should be conducted. Approximately two hours later, Cain was examined at his cell a second time, but again Nurse Stedham declined to order an EKG or

---

[1] See Cain v. Miller, Civil Action No. 97-304-R (W.D. Va. May 28, 1997); Cain v. Rosenthal, Civil Action No. 3:93cv852 (E.D. Va. November 2, 1994); and Cain v. Terry, Civil Action No. 2:90cv1532 (E.D. Va. March 22, 1991).

contact the institutional physician. Additionally, Cain claims she refused to provide him with any pain medication. Cain was in pain for a total of five hours, but his pain was finally alleviated when another inmate provided him with two aspirin. Cain contends that Nurse Stedham was deliberately indifferent and put him in "imminent danger" because she refused to conduct an EKG and provide him with medication to quell his "heart pains," and declined to transfer him to an outside "qualified health care worker."

## II.

As the federal courts have dismissed three of Cain's previous complaints for failure to state a claim and as Cain has not prepaid the filing fee, he cannot proceed in this action unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Although Cain claims that on May 5, 2006, Nurse Stedham refused to order an EKG to diagnose his heart pains, he admits she examined him at his cell twice within two hours regarding his complaints of chest pain and, on both occasions, determined that no treatment was necessary. Cain does not allege that he has subsequently been denied medical care for his alleged heart condition. Accordingly, the court finds that at the time he filed this suit, Cain was not in imminent danger of serious physical injury. Moreover, pursuant to 42 U.S.C. § 1997e(a), an inmate must exhaust all available administrative remedies before filing a claim under § 1983. As Cain filed the instant suit merely two days after the alleged incident and as he concedes he only filed an emergency grievance for medical treatment, it is clear he has not exhausted all available administrative remedies. Accordingly, the court dismisses Cain's complaint without prejudice pursuant to 28 U.S.C. § 1915(g).[2]

---

[2] The court has previously notified Cain that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Cain additional time to pay the filing fee or amend his

2

The Clerk is directed to send a certified copy of this order to the plaintiff.

**ENTER:** This 25th day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

complaint.